By ti-ie Court.
The relator prays for a writ of mandamus to compel the defendant Secretary of State to appoint to the position of cashier in the automobile department in the office of Secretary of State one of three candidates certified to him by the Civil Service Commission of the state.
In his petition the relator says that he is an elector, citizen and taxpayer of the state; that on the 1st day of April, 1919, the position referred to became vacant- by reason of the refusal of the Secretary of State to exercise his specific exemption of said position from the classified service under Section 486-8, General Code; that pursuant to Section 486-10, General Code, the Civil Service Commission held an examination on the 18th of June, 1919, to determine the merit and fitness of *204 candidates for appointment to said office; that pursuant to Section 486-13, General Code, the Commission on the 8th of July, 1919, certified to the defendant Secretary of State the names of three candidates standing highest on the eligible list for the class to which said position belongs; and that it thereby became the duty of the Secretary in fifteen days from said certification to make an appointment to the position and report such appointment to the Commission.
The relator further says that the Secretary refused and still refuses to appoint any one of the three candidates so certified, as required by law, but on the contrary has appointed to said position one Gquss, whose name was not certified to the Secretary of State as eligible to appointment to said position, contrary to Section 486-13,. General Code.
The relator further says that the defendant Secretary of State refuses to appoint any one of the three candidates certified, solely and only because he contends that said position is not governed by the civil service laws of the state of Ohio.
In his answer the defendant admits that on April 1, 1919, the position referred to became vacant; that the Civil Service Commission held the examinations for the pretended purpose of determining the merit and fitness of candidates for the office described in the petition; that on the 8th day of July, 1919, it certified to him the names of three candidates standing highest on the eligible list for the class to which it insisted said position belonged; and that he refused and still refuses to appoint any *205 of the three persons so certified, and has appointed said Gauss whose name was not certified to him by the Commission.
• For his second defense the defendant avers that the person holding the position of cashier of the automobile department in the office of Secretary of State, in order to properly perform his duties, fnust have the combination of the safe in said office, access to the contents of the same, check the sums taken in for the sale of license tags at the window in the office and by automobile clubs throughout the state, draw checks on said clubs, keep a record of the business they do, make daily reports to the State Treasurer of receipts, keep a record of dishonored checks, keep a cash book and record of sales in said department and all revenue received thereby, compile reports showing the number of licenses disposed of and the remittances received, sign the name of the Secretary of State to indorsements on checks, draw checks and sign the name of said officer thereto where the deposit is made in his name, and have general charge and supervision of the financial transactions in said office; that the amount received in said department over. which said officer has supervision and control and to which he has access is very large, amounting for the year 1919 to about three million dollars; and that receipts of said office are as much as $100,000 in one day and frequently in one day payments in currency alone amount to $30,000.
The defendant avers that he has declined to appoint to said office a person certified by the Commission, because he is informed and believes that *206 it is not practicable to determine the merit and fitness of applicants for such position by competitive examination, and because he is personally responsible for the acts and conduct of the person so appointed, in the performance of the duties aforesaid.
The case was argued and submitted here on demurrer filed by the relator to the answer.
Section 10, Article XV of the Constitution adopted September 3, 1912, is as follows: “Appointments and promotions in the civil service of the state, the several counties and cities, shall be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations. Laws shall be passed providing for the enforcement of this provision.”
This provision came into' the constitution as an expression of a deep conviction in the public mind that the civil ‘service of the state should, as far as possible, be removed from influences which undermine efficiency, whether such influences are partisan or otherwise. The general assembly and the courts have no more imperative duty than to provide for and enforce compliance with the letter and spirit of this constitutional mandate.
It.will be observed that there is contained in the section of the constitution quoted recognition ■ of a fact which is within the knowledge of everyone, namely, that it is not in all instances practicable to ascertain merit and fitness by competitive examinations, and the statute passed by the general assembly in obedience to the mandate of this provision makes the same recognition.
*207 Section 486-8, General Code, divides the subject into unclassified and classified service. Applicants for positions in the former are exempt from the examinations. Subdivision 9 of that section includes among the unclassified positions “the deputies of elective or principal executive officers authorized by law to act for and. in the place of their principals and holding a fiduciary relation to such principals.”
The duties of the cashier of the automobile department are not defined by the statute. The position is not classified as that of a deputy or otherwise.
Subdivision 12 of Section 486-8 provides: “The competitive class shall include all positions and employments now existing or hereafter created in the state * * * for which it is practicable to determine the merit and fitness of applicants by competitive examinations.”
In considering the demurrer in this case all of the material allegations of the answer must be taken as true. And while the occupant of the position here in question is not designated as a deputy by statute, still there is no doubt of his authority to perform the duties which are described in the answer. A reading of that description shows that the occupant of the position not only performs duties which demand that, he shall be of strict integrity and high moral character but that he necessarily sustains an intimate fiduciary relation to the Secretary.
The relator insists that as the statute has not specifically exempted this position it must be pre *208 sumed that it was not intended to be exempt; that the Commission must inquire into moral fitness, and that the exercise of the discretion vested in it by the law will not be controlled ‘by the court, except where the discretion has been abused. And it must be said that where authority has been conferred upon an official or board to perform designated public duties, which require the exercise of discretion to effectuate the law and secure the most beneficial results that may be practicable, it is of high importance that the courts shall not interfere with that discretion except in the circumstances stated.
But the question presented by this demurrer is whether the allegations of the answer do not show this position to be one as to which it is not practicable to determine the merit and fitness of applicants by competitive examination within the meaning of the constitution and the provisions of the statute passed thereunder which we have quoted; and, therefore, whether it must be said as a legal conclusion that it is not such a position as the constitution and statute passed thereunder require shall be filled in the manner stated.
It is not easy to understand how merit and fitness of the occupant of this position can be determined by competitive examination, because by far the largest and most important element of such fitness is that of integrity and character. That is not a thing to be discovered by competitive examination. It does not proclaim itself. It is a fitness that is “ascertained” by close and intimate knowledge of the applicant and opportunity for observation of him.
*209 When an appointment is to be made to such a position the appointing officer when quickened by a sense of personal responsibility is more apt to exercise great care and that mental and moral scrutiny and insight which we all know and feel but which we cannot define.
The fact that an occupant of a position in the public service is required to handle money, even though in large amounts, is of course not in itself sufficient to mark the place as one for which it is not practicable to determine the merit and fitness of applicants by competitive examination within the meaning of the constitution; nor to stamp it as a position not to be filled under the direction and within the rules fixed by the civil service commission, which is the administrative arm necessary' to give effect to the constitutional mandate and the statute passed thereunder. But the occupant of this position is one who, although not actually termed a deputy by the statute, yet is shown by the allegations of this answer to be one who holds a fiduciary relation to his principal; and the legislature by the passage of Section 486-8, which exempted such applicants from examinations, was merely giving effect to the letter and spirit of the constitutional provision which is here involved. The name is not of the essence of the place.
Some of the elements which are conceded to be essential to the occupant of this position, such as experience, knowledge, or technical equipment, can of course be determined by competitive examination, but the confidential and fiduciary relation is *210 paramount. This paramount condition, as pointed out, cannot be determined by examination, but must be determined by the personal knowledge or the personal confidence of the appointing officer in the vigilance and faithfulness of the deputy or the one occupying the fiduciary relation. This is obviously the thing the legislature had in mind. And just as the qualities mentioned cannot be ascertained and determined by competitive examination, so the question of the nature of the position, when a sufficient showing has been made concerning these essential elements, the question whether it is such position as contemplated by the constitution and the legislation enacted pursuant thereto, in regard to the impracticability of ascertaining merit and fitness by competitive examination, becomes necessarily a judicial one.
We think the position is one of those contemplated by the constitution as to which it is not practicable to ascertain the merit and fitness of applicants by competitive examination.
The demurrer to the answer will be overruled and the writ denied.

Writ denied.

Nichols, C. J., Jones, Matthias, Johnson, Wanamaker and Robinson, JJ., concur.